```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STANLEY IVY,
                                              DECISION AND ORDER
              Petitioner,                     No. 06-CV-6389T

     -vs-

SUPERINTENDENT,
CLINTON CORRECTIONAL FACILITY

              Respondent.
_____
```

## I. Introduction

*Pro se* petitioner Stanley Ivy ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered June 12, 2003, in New York State, County Court, Genesee County, convicting him, after a jury trial, of two counts of Rape in the First Degree (N.Y. Penal Law ("Penal Law") § 130.35[1], [3]) two counts of Attempted Sodomy in the First Degree (Penal Law §§ 110, former 130.50[1], [3]), and two counts of Sexual Abuse in the First Degree (Penal Law § 130.65[1], [3]).

For the reasons stated below, the writ is denied and the petition is dismissed.

## II. Factual Background and Procedural History

### A. Introduction

Petitioner was charged in Indictment No. 4546 with two counts of Rape in the First Degree, two counts of Attempted Sodomy in the

First Degree, and two counts of Sexual Abuse in the First Degree, stemming from a series of sexual offenses occurring on November 17, 2002, committed against seven-year old SH ("SH" or "the victim"). On April 28, 2003, Petitioner proceeded to trial and was found guilty as charged.

**B. The Trial**

    **1. The People's Case**

On November 17, 2002, Latisha Thacker ("Thacker") lived at 10 Lewis Place in the City of Batavia with her three children -- the victim, four-year old Asariah, and one-year old Trenton. Trial Transcript [T.T.] 29-30, 32. Petitioner, who was twenty years old at the time of the trial, was a friend of the family and also lived with Thacker and her children. T.T. 30-31. On the evening in question, Thacker left her children at home with Petitioner for approximately 30-35 minutes while she drove a friend home and went to a grocery store. T.T. 32. At the time Thacker left the house, SH and Asariah had finished taking a bath and were getting ready for bed. T.T. 33-34, 52-53, 60.

SH went into her bedroom, sat on her bed, and began putting on her pajamas pants when Petitioner entered her room and pulled off her pants and her underwear. Petitioner then pushed SH onto her back, got down on his knees, pulled down his pants, and inserted his penis into her vagina. T.T. 53-55, 58-59, 64-67. SH did not attempt to pull her pants back up because she was "stuck on the

bed" and she "couldn't move" because he was "holding [her] down" with both of his hands. T.T. 66-67. When Asariah approached the room and saw Petitioner from behind, Petitioner jumped up, and pulled up his pants. SH, Asariah, and Petitioner then went to the living room. T.T. 55-56, 68-69.

In the living room, SH began coloring while Petitioner sat next to her on the couch. Petitioner then unzipped his pants, took out his penis and told SH to put his penis in her mouth. After she refused, Petitioner pushed her head down with his hand, causing his penis to nearly enter her mouth. However, SH was able to get her head away before that happened. T.T. 56-57, 69-70. Petitioner then took SH's hand and put it on his penis and starting rubbing her hand up and down. T.T. 57-58, 71. When Petitioner heard Thacker returning, he put his penis back into his pants and zipped them up. T.T. 57.

The next day, Thacker picked up SH from school; Petitioner and Petitioner's brother were in the car at that time. After Thacker drove Petitioner and his brother to their mother's home, SH began crying and asked Thacker not to allow Petitioner back in their home. SH told Thacker what Petitioner had done to her. T.T. 35, 50, 59. Thacker drove SH to the hospital emergency room for an examination. T.T. 36, 59.

At the hospital, SH was examined by Dr. Jack Coyne ("Dr. Coyne"). T.T. 87-88, 90. Dr. Coyne observed that SH's

vaginal area was raw and red, indicating trauma. Dr. Coyne further observed a "notch" to the posterior region of SH's hymen, which was consistent with a slight tear of her hymen. Dr. Coyne concluded that the notch was consistent with sexual penetration. T.T. 91-92, 94, 108, 111.

2.  **Petitioner's Case**

Petitioner testified that he did not commit the crimes with which he was charged. T.T. 154-155, 194-195. He testified that Thacker was a family friend and that they had been friends for approximately five years. T.T. 173-176.

Petitioner testified that, on the evening in question, he was at Thacker's home with her children and another individual named Quenton Gibson ("Gibson") T.T. 164-165. While Petitioner was playing video games, Thacker directed SH and Asariah to go the bathroom upstairs and take a bath; they complied. T.T. 166-167. After taking a phone call, Thacker told Petitioner that she was going to drive Gibson home and then go to the grocery store. At approximately 10:45 pm, when Thacker and Gibson left the house, SH and Asariah were still in the bathtub. Petitioner remained downstairs with Trenton. T.T. 166-168, 179, 188-189. SH and Asariah bathed for approximately 20-25 minutes before getting dressed in SH's bedroom. T.T. 168, 190. Petitioner took Trenton and went up to SH's bedroom to check on her. T.T. 193-195. Asariah was in SH's room at the time. T.T. 195. Everyone then

went downstairs to the living room where SH wanted Petitioner to play a video game with her. When Petitioner refused to play with SH, she began coloring in her coloring book. T.T. 167-170, 191-192, 196. Asariah wanted to watch a movie, but Petitioner refused her request because he was playing video games. Asariah and Trenton fell asleep on the floor. T.T. 170, 192. Thacker then returned home at 12:45 am. T.T. 167, 192. About twenty minutes later, Thacker sent the girls to bed and Petitioner went to sleep on the couch. T.T. 170-171.

### 3. Verdict and Sentence

On April 29, 2003, Petitioner was found guilty as charged. T.T. 265-266. On June 12, 2003, the trial court sentenced Petitioner to determinate terms of fifteen years with five years post-release supervision on each of the rape counts, ten years with five years post-release supervision on each of the attempted sodomy counts, and seven years with three years post-release supervision on each of the sexual abuse counts. All sentences were set to run concurrently. Sentencing Minutes [S.M.] 15.

## C. Petitioner's Direct Appeal

Petitioner appealed his judgment of conviction to the Appellate Division, Fourth Department, which was unanimously affirmed on November 10, 2005. People v. Ivy, 23 A.D.3d 1036 (4th Dep't. 2005). Leave to appeal to the New York Court of Appeals was denied on January 24, 2006. People v. Ivy, 6 N.Y.3d 777 (2006).

**D. The Habeas Corpus Petition**

Petitioner seeks habeas corpus relief on the following grounds: that his convictions were not supported by legally sufficient evidence; that the evidence was legally insufficient to establish the element of forcible compulsion related to counts 1, 3, and 5 of the indictment;[1] that the verdict was against the weight of the evidence; and that his sentence was harsh and excessive. Petition [Pet.] ¶22A-D.

**III. General Principles Applicable to Habeas Review**

**A. The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that

---

[1] Count 1 of the indictment charged Petitioner with Rape in the First Degree. Count 3 of the indictment charged Petitioner with Attempted Sodomy in the First Degree. Count 5 of the indictment charged Petitioner with Sexual Abuse in the First Degree. "Forcible compulsion" is an element of each of these offenses. Penal Code §§ 130.35[1], 110.00, former 130.50[1], 130.65[1].

reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B. Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

**C.   The Adequate and Independent State Ground Doctrine**

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "A habeas petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Id. (citing Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

**IV.  Petitioner's Claims**

   **1.   Insufficiency of the Evidence**

Petitioner makes two claims alleging insufficiency of the evidence. First, he argues generally that the evidence at trial was insufficient to support each of his convictions. Pet. ¶22A. Second, he argues, more particularly, that the evidence was legally insufficient to establish the element of forcible compulsion with respect to the charges of forcible rape, attempted forcible sodomy, and forcible sexual abuse.[2] Pet. ¶22D. The former claim is raised for the first time in Petitioner's habeas corpus petition,

---

   [2]   As discussed above, these are counts 1, 3, and 5 of the indictment.

and, to that extent, is unexhausted. See 28 U.S.C. § 2254(b)(1)(A). However, because Petitioner no longer has state court remedies available to him, the claim is deemed exhausted but procedurally barred from habeas corpus review. See Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991). The latter claim, which was raised on direct appeal and denied on state procedural grounds, is properly exhausted, but procedurally barred from habeas corpus review by this Court. See Coleman, 501 U.S. at 750.

**GENERAL CHALLENGE TO SUFFICIENCY OF EVIDENCE SUPPORTING EACH OF PETITIONER'S CONVICTIONS IS UNEXHAUSTED**

On appeal, Petitioner raised a sufficiency of the evidence claim; however, that claim was limited solely to the contention that the prosecution failed to prove the element of forcible compulsion (related to counts 1,3, and 5 of the indictment) beyond a reasonable doubt. See Petitioner's Brief on Appeal [B.A.], Point I. Thus, Petitioner's stand-alone claim that generally challenges the sufficiency of the evidence supporting each of his convictions is unexhausted since it was not fairly presented to the state appellate courts. See Daye, 696 F.2d at 191-93. However, Petitioner cannot return to state court to exhaust this claim because he has already used his one right to appeal to which he is entitled. See N.Y. Court Rules § 500.10; Grey, 933 F.2d at 120-21. Collateral review of this issue is also barred since the issue, which is a matter of record, could have been raised on direct

appeal, but unjustifiably was not. See New York Criminal Procedure Law ("CPL") § 440.10(2)(c).

A finding of procedural default will "bar habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the claim will result in a miscarriage of justice." Coleman, 501 U.S. at 749-50 (internal citations omitted); accord, e.g., Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000). Petitioner has made no showing of cause and prejudice nor has he demonstrated that this Court's failure to review the claim will result in a miscarriage of justice. Accordingly, the claim is dismissed.

**CHALLENGE TO SUFFICIENCY OF THE EVIDENCE SUPPORTING COUNTS 1, 3, AND 5 OF THE INDICTMENT WHERE "FORCIBLE COMPULSION" IS AN ELEMENT OF THE CRIME CHARGED IS PROCEDURALLY DEFAULTED**

Petitioner's insufficiency of the evidence claim, which is related to the element of forcible compulsion in counts 1, 3 and 5 of the indictment, is procedurally barred from habeas review by this Court. Unlike the general sufficiency of the evidence claim that was raised for the first time in the habeas corpus petition, this claim (challenging the sufficiency of counts 1, 3, and 5 of the indictment) was raised on direct appeal. See B.A., Point I. With regard to the forcible sodomy count (count 3 of the indictment), the Appellate Division held that Petitioner waived his contention that the evidence was insufficient to establish the

element of forcible compulsion because he "failed to renew his motion to dismiss" after the defense rested its case. Ivy, 23 A.D.3d at 1036. With regard to the forcible rape and forcible sexual abuse counts (counts 1 and 5 of the indictment), the Appellate Division held that Petitioner failed to preserve for appellate review the issue that the evidence was insufficient to establish the element of forcible compulsion. Id. Respondent asserts that the Appellate Division's reliance upon a state procedural rule to dismiss the claim constitutes an "adequate and independent" state ground precluding federal habeas review of the claim. Respondent's Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus, Pages 12-15. See Coleman, 501 U.S. at 729-30; Harris v. Reed, 489 U.S. 255, 260-61 (1989). This Court agrees.

A habeas court may not review a federal issue when the last state court's ruling on the claim rested upon "a state law ground that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. 722 at 729. It is well-settled law that New York's preservation rule (codified at CPL § 470.05(2))[3] is an independent and adequate state procedural

---

[3] "For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. Such protest need not be in the form of an 'exception' but is sufficient if the party made his position with respect to the ruling or instruction known to the court, or if in response to a protest by a party, the court expressly decided the question raised on appeal. In addition, a party who without success has either

ground. See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990); see also Garcia v. Lewis, 188 F.3d 71, 79-82 (2d Cir. 1999). Here, the Appellate Division relied on CPL § 470.05(2) in finding that Petitioner waived his contention related to the sodomy charge by failing to properly renew his motion to dismiss at the close of the defense's case. Likewise, the Appellate Division also relied on CPL § 470.05(2) to find that Petitioner failed to properly preserve the sufficiency issue with regard to the rape and sexual abuse charges. Both of these findings demonstrate that the state court's decision on this issue rested on an adequate and independent state procedural rule that bars habeas corpus review of the issue by this Court. see e.g., Brown v. New York, 04-cv-1087, 2006 U.S. Dist. LEXIS 78917, at *8 (E.D.N.Y. Oct. 30, 2006) (finding Appellate Division's denial of Petitioner's insufficiency of evidence claim rested on adequate and independent state ground where Petitioner failed to preserve issue for appeal by timely registration of protest pursuant to CPL § 470.05(2)); Durden v. Garvin, 97-cv-4422, 1998 U.S. Dist. LEXIS 20066, *11 (E.D.N.Y. Dec. 7, 1998) (finding state court's rejection of Petitioner's legal sufficiency claims rested on adequate and independent state procedural ground where Petitioner failed to comply with CPL § 470.05(2)).

---

expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered." CPL § 470.05(2).

A finding of procedural default will "bar habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the claim will result in a miscarriage of justice." Coleman, 501 U.S. at 749-50 (internal citations omitted); accord, e.g., Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000). Petitioner has made no showing of cause and prejudice nor has he demonstrated that this Court's failure to review the claim will result in a miscarriage of justice. Accordingly, the claim is dismissed.

### 2. **Verdict was Against the Weight of the Evidence**

Petitioner argues that the evidence presented at trial failed to establish that he committed the sexual acts alleged by the victim. Pet. ¶22B; See B.A., Point II. Petitioner raised this claim on direct appeal and it was rejected on the merits. Ivy, 23 A.D.3d at 1036. Although this claim has been properly exhausted in the state courts, it does not present an issue that is cognizable by this Court on habeas corpus review.

Challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review. Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). A claim that a verdict was against the weight of the evidence derives from CPL § 470.15(5), which permits an appellate court in New York to reserve or modify a

conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." CPL § 470.15(5). Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987). Since a weight of the evidence claim is purely a matter of state law, it is not cognizable on habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 69 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Accordingly, the claim is dismissed.

### 3. Harsh and Excessive Sentence

Petitioner argues that the sentence imposed was harsh and excessive, given the circumstances of the case. Pet. ¶22C; B.A., Point III. Petitioner raised this claim on direct appeal, and it was rejected on the merits. Although the claim has been properly exhausted in the state courts, it does not present an issue that is cognizable by this Court on habeas corpus review.

It is well-settled law that a habeas petitioner's challenge to the length of his or her prison term does not present a cognizable constitutional issue if the sentence falls within the statutory range. Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The

[petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.") (citing Underwood v. Kelly, 692 F.Supp 146 (E.D.N.Y. 1988), aff' mem., 875 F.2d 857 (2d Cir. 1989)); accord Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion). Because Petitioner's sentence falls within the permissible statutory range, he may not challenge the length of the sentence in his petition.

In this case, Petitioner's sentence was within the limits set by the state legislature. Under New York's sentencing scheme, Rape in the First Degree is a class B violent felony, which carries a determinate sentence of between five and twenty-five years imprisonment. Penal Law §§ 130.35, 70.02. Here, Petitioner received a determinate term of fifteen years imprisonment for each rape count, which was well within the statutory range. Similarly, Petitioner's sentence of ten years for each count of attempted sodomy in the first degree was also well within the limits set forth by statute. Attempted Sodomy in the First Degree is a class C violent felony, which carries a determinate sentence of between three and one half and fifteen years imprisonment. Penal Law §§ 110.00, former 130.50, 70.02. Finally, Sexual Abuse in the

First Degree is a class D violent felony, which carries a determinate sentence of between two and seven years imprisonment. Penal Law §§ 130.65, 70.02. Thus, Petitioner's sentence of a determinate term of seven years imprisonment for each sexual abuse count was within the statutory range.

Accordingly, Petitioner's claim is dismissed.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance

with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                    S/Michael A. Telesca
                              _____
                              HONORABLE MICHAEL A. TELESCA
                              United States District Judge

DATED:    December 28, 2009
            Rochester, New York